UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MARQUAVIOUS AVERY,

    Plaintiff,

v.                                     Case No. 5:25-cv-282-TKW-MJF

FLORIDA DEPARTMENT OF
CORRECTIONS, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Marquavious Avery, proceeding *pro se*, has filed an amended complaint under 42 U.S.C. § 1983. Doc. 8. Avery claims that two prison officials violated Avery's right to due process when they placed Avery on close management. The District Court should dismiss this civil action because Avery fails to state a claim on which relief can be granted.

### AVERY'S AMENDED COMPLAINT

Avery is an inmate of the Florida Department of Corrections ("FDC") housed at the Apalachee Correctional Institution. Avery's amended complaint names three Defendants: the FDC, Officer Steven Gardner, and Warden David Maddox. Doc. 8 at 1–3.

Avery alleges that on May 17, 2025, Gardner wrote Avery a Disciplinary Report (DR #102-250732). Doc. 8 at 5, 15. The DR alleged that as Gardner was exiting the front door of Y-Dormitory, Gardner observed Avery receiving oral sex from visitor Ariel Johnson in the outdoor visitation area. *Id.*

That same day, Gardner wrote an Incident Report (Incident Report #102-2025-1224) about that incident. *Id.* at 6, 17. Gardner alleged in the Incident Report that as Gardner was peering through a Y-Dormitory window, he observed Avery pull the front of his pants down and visitor Ariel Johnson lean forward and apply her mouth to Avery's exposed genitals. *Id.*

Based on Gardner's allegations, on May 19, 2025, Warden Maddox ordered that Avery's and Johnson's visitation be reviewed for suspension, and that Avery be reviewed for close management and/or an organizational transfer. *Id.* Close management is "the separation of an inmate apart from the general population, for reasons of security or the order and effective management of the institution, when the inmate, through his or her behavior, has demonstrated an inability to live in the

general population without abusing the rights and privileges of others." Fla. Admin. Code r. 33-601.800(1)(a).

On June 10, 2025, DR #102-250732 was overturned "due to a technical error" and was removed from Avery's file and the FDC database. *Id*. at 19. On June 14, 2025, Gardner rewrote the Disciplinary Report (DR #102-250991). *Id*. at 5, 16. In this DR, Gardner replicated the allegations in the Incident Report. *Id*. at 16.

Avery was approved for close management based on the conduct described in the Incident Report (#102-2025-1224). *Id*. at 6, 21. As a result of that placement, Avery "has been subjected to harsher confinement, suffred [sic] reputational harm and continues to endure irreparable injury espicially [sic] as a psych 3 inmate." *Id*. at 7.

Avery claims that Gardner and Maddox deprived Avery of due process "by placing plaintiff of [sic] Close Management based solely on Officer's [sic] Gardner's falsified statement." *Id*. at 8. As relief, Avery seeks damages and "removal of false reports and relief from close management status." *Id*.

**RELEVANT LEGAL STANDARDS**

**A.    Screening Standard Under 28 U.S.C. § 1915A**

Because Avery is a prisoner, the District Court is required to review his amended complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)–(b).

To prevent dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**B.    Section 1983 Standard**

"A section 1983 claim is conditioned on two essential elements: first, the conduct complained of must have been committed by a person acting

under color of state law; second, this conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or the laws of the United States." *Whitehorn v. Harrelson*, 758 F.2d 1416, 1419 (11th Cir. 1985) (citing 42 U.S.C. § 1983).

### C. <u>Due Process Standard</u>

A due process claim has three elements: "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) (citing *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994)).

In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court recognized two instances in which a prisoner may claim a constitutionally protected liberty interest which implicates constitutional due-process concerns: (1) when actions of prison officials have the effect of altering the inmate's term of imprisonment, and (2) when a prison restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 478, 484. Without either the loss of gain-time credits or "atypical" confinement, the Due Process Clause itself affords no protected liberty

interest that requires procedural protections. *Sandin*, 515 U.S. at 487; *Kirby v. Siegelman*, 195 F.3d 1285, 1290–91 (11th Cir. 1999).

## DISCUSSION

**A.    No Due Process Claim Arising from the DRs**

Avery's allegation that Gardner's DRs deprived Avery of due process fail to state a plausible claim for relief. Avery's amended complaint establishes that the first DR (#102-250732) was overturned due to a technical error and was removed from Avery's file and the FDC database. Doc. 8 at 19. "If in fact there was a procedural deprivation, the error was cured by the institutional appeals process." *Baker v. Rexroad*, 159 F. App'x 61, 63 (11th Cir. 2005) (citing *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994)).

Avery implies, but does not allege, that he was convicted of the re-written DR (#102-250991). Even if Avery was convicted, he fails to allege that his punishment involved the revocation of gain-time, or "atypical" confinement.[1] *See Sandin*, 515 U.S. at 485–87 (thirty days of disciplinary segregation did not give rise to a protected liberty interest); *Rodgers v.*

---

[1] If Avery lost gain-time, his claims would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997).

*Singletary*, 142 F.3d 1252, 1253 (11th Cir. 1998) (same concerning two months in administrative confinement); *Smith v. Reg'l Dir. Fla. Dep't of Corr.*, 368 F. App'x 9, 13 (11th Cir. 2010) (same as to forty-five days in disciplinary confinement); *Shaarbay v. Palm Beach Cnty. Jail*, 350 F. App'x 359, 361-62 (11th Cir. 2009) (same as to thirty days in disciplinary confinement).

Avery's failure to establish the deprivation of a constitutionally protected liberty interest requires dismissal of his due-process claims arising from the DRs.

B.  **No Due Process Claim Arising from Close Management**

The same is true of Avery's allegation that he was placed on Close Management. "The Due Process Clause does not create an enforceable liberty interest in freedom from restrictive confinement while a prisoner is incarcerated." *Woodson v. Whitehead*, 673 F. App'x 931, 933 (11th Cir. 2016) (first citing *Hewitt v. Helms*, 459 U.S. 460, 468 (1983); and then *Sandin*, 515 U.S. at 484–87). Also, "[i]nmates . . . have no protected liberty interest in a particular custody classification." *Mathews v. Moss*, 506 F. App'x 981, 983–84 (11th Cir. 2013); *see also Meachum v. Fano*, 427 U.S. 215, 223–25 (1976) (discretionary transfer to maximum security

state prison did not give rise to a protected liberty interest); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (prisoners have "no legitimate . . . constitutional entitlement" to particular classification status "sufficient to invoke due process").

Avery describes that CM subjected him to "harsher confinement," but he alleges no specific facts showing "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 478, 484; *see also Mathews*, 506 F. App'x at 984 (prisoner's allegation that he was placed on Close Management I, the most restrictive single cell housing level, did not allege the deprivation of a protected liberty interest; prisoner did not allege any specific facts showing that he was confined in harsher conditions than inmates on close management status generally); *Holston v. Dawson*, No. 22-11198, 2023 WL 7485227, at *6 (11th Cir. Nov. 13, 2023) (dismissing due process claim because prisoner failed to allege how Close Management hearing itself was procedurally inadequate).

Avery's failure to establish that Defendants deprived him of a constitutionally protected liberty interest requires dismissal of his due-process claims arising from his placement on Close Management.

## C. No Due Process Claim Arising from Violation of FDC Rules

Avery's allegation that Gardner violated an FDC administrative rule, Fla. Admin. Code r. 33-208.002, does not, on its own, rise to the level of a violation of a constitutional right. Doc. 8 at 7.[2] *See Hewitt*, 459 U.S. at 469–70 ("[W]e have never held that statutes and rules governing daily operation of a prison system confer any liberty interest in and of themselves."); *Sandin*, 515 U.S. at 481–82 (noting that many prison regulations "are primarily designed to guide correctional officers in the administration of a prison" and that "such regulations are not designed to confer rights on inmates"); *see also Mathews*, 506 F. App'x at 984 (dismissing prisoner's claim concerning prison officials' alleged failure to follow prison procedures).

Thus, Avery fails to establish a plausible due-process claim arising from the alleged rule violation.

## CONCLUSION

Because Avery fails to allege that he was deprived of a constitutionally protected liberty interest, he fails to state a claim under the Fourteenth Amendment's Due Process Clause. A more

---

[2] Rule 33-208.002 sets forth the "Rules of Conduct" for FDC personnel.

Page 9 of 10

carefully drafted complaint still would not state a plausible claim. Thus, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this civil action under 28 U.S.C. § 1915A(b) for failure to state a claim on which relief can be granted.

2. **DIRECT** the clerk of court to enter judgment accordingly and close this case file.

At Panama City, Florida, this 18th day of December, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only. A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**